### THE STATE *vs.* JOSEPH BROWN.

*Justice of Peace as Witness—Evidence in Rebuttal.*

A Justice of the Peace who committed the defendant for his appearance at Court may testify to statements made by the prosecuting witness in his office after the case before him was closed and disposed of.

In trial for larceny it is competent for the State to prove in rebuttal a statement of the defendant showing that he did not claim the property alleged to have been stolen.

(*May 20, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Andrew C. Gray*, for the defendant.

Court of General Sessions, New Castle County, May Term, 1898.

INDICTMENT FOR LARCENY. At the trial the defendant's counsel called as a witness Willam R. Reynolds, the Justice of the Peace by whom the defendant was committed for his appearance at Court to answer the charge preferred by the prosecuting witness. The Justice was asked regarding certain statements made by the prosecuting witness in the former's office at Middletown after the conclusion of the preliminary hearing in the case

and within a half hour, while the parties were still in his office. The Deputy Attorney-General objected to the testimony, on the ground that a Justice of the Peace could not testify in regard to anything which transpired in trials before him, whether such transactions occurred during the hearing or immediately upon the adjournment, it being against public policy.

SPRUANCE, J:—A majority of the Court think this question is admissible. The witness states that this was not a matter stated before him during the hearing of the case, but that the case was disposed of so far as he was concerned, and that he heard the statement made by the party afterwards while yet in his office.

LORE, C. J., (dissenting):—I do not agree with the ruling of a majority of the Court. It is right in the teeth of rulings already made in this Court. In my judgment whatever passed at that hearing before they had been dismissed, still in his presence as a Justice of the Peace, surrounded by the atmosphere of the Court, he, as a Justice, would have no right to testify to. What took place elsewhere and under different circumstances, I have no doubt that he could testify to. But I am not willing to admit that while he was still there as a Judge in this case, even if it was absolutely closed, that he could testify. I think the policy of the law excludes such testimony.

The witness, John A. Cleaver, being called to contradict the defendant, was asked whether or not the defendant had said to him on the eighth day of December, 1897, upon an occasion, when he came to hire to the witness as a farm hand, that he, the defendant, did not own the horse alleged to have been stolen but that the said horse was then owned by the prosecuting witness. The witness stated in reply that he could not say that it was the eighth, but that it was the fore part of December, that the defendant was there. Counsel for defendant thereupon objected to the witness' giving any statements made by the defendant, inasmuch as the Deputy Attorney-General in his question to the defendant had laid the ground by fixing the date of the conversation as the eighth day of December, 1897.

SPRUANCE, J:—We do not think in this matter you are confined to the strict rule in regard to the contradiction of a witness. Although it was stated by the Deputy Attorney-General that he intended to contradict the defendant, yet it is hardly necessary for us to rule upon the question whether he has complied with the strict rule of contradiction, because any statement that this defendant made at any time as to that sale, or any admission which shows that he had sold, goes to fix criminality upon him. It is upon the ground of his admission that he had sold the horse that it is admissible. This is testimony in rebuttal. We do not think the State, after they have closed their testimony, can then take up any admission.

LORE, C. J:—We think, independent of a mere matter of contradiction, that the State has a right to show after their testimony has been closed, in reply, that the defendant did not claim the property.