# FALL SESSIONS, 1904.

———•———

## STATE vs. MARGARET DYER.

*Criminal Law—Assault and Battery—Public Highway—Road—*
*Travelers on Foot or in Vehicles—Passing—Rights of—*
*Defense of Person or Property.*

1. A Justice of the Peace cannot testify to statements made by the defendant during a hearing before him.

2. An assault is an attempt to do violence to the person of another with the means at hand of carrying the intention into effect.

3. A public highway is open in all its length and breadth to the reasonable, common and equal use of the public on foot or in vehicles.

4. When one traveling in a vehicle undertakes to pass another in the public highway he must take reasonable care to exercise that right so as not to injure another. But if such traveler be resisted or attacked by another while traveling along the highway he has a right to use such force as may be reasonably necessary to defend his person or property from such attack.

(*September 21, 1904.*)

JUDGES PENNEWILL and BOYCE, sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*W. H. Cooper, Jr.,* for the defendant.

Court of General Sessions, New Castle County, September Term, 1904.

ASSAULT AND BATTERY (No. 11, September Term, 1904).

The defendant, a young white woman, was indicted at this term for an assault and battery upon one Christopher Greer on the

17th day of June, 1904. The prosecuting witness testified that on the date in question, while he was standing in front of his mother's farm "The Buttonwoods," near the city of New Castle, on a strip of grass $4\frac{1}{2}$ feet from the public road, the defendant was driving along in her carriage and pulled her horse in towards where he was standing and drove directly down upon him; that in order to ward off the horse and prevent being run over he threw up his hand but did not hit the horse or take hold of the bridle. The defendant thereupon took out her whip and struck him a severe blow across the back.

The defendant stated that she was driving along within proper limits of the public road and that when she came up near the prosecuting witness the latter grabbed the bridle of her horse and attempted to stop it; that she thereupon leaned out of the carriage and cut at him with the whip; whereupon he grabbed her by the arm; that she then jumped to the opposite side of her carriage and drove on.

*George H. Hollis*, a Justice of the Peace for New Castle County, was sworn as a witness for the purpose of contradicting a statement made by the prosecuting witness at a hearing before said witness, involving the same set of facts as in the case on trial, but in which the prosecuting witness was the defendant.

*Ward*, Attorney-General, objected to the competency of the witness under the rulings of this Court, he being a judicial officer and not permitted to testify to statements or transactions taking place during a hearing before him.

PENNEWILL, J. :—Under the decisions of this Court the Justice is not permitted to testify to such statements.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this case Margaret Dyer is charged with having committed, in the month of June last, in this county, an assault and battery upon Christopher Greer.

An assault is an attempt to do violence to the person of another with the means at hand of carrying the intention into execution. A battery is the actual infliction of the injury.

It is conceded on both sides that Forester Avenue opposite Greer's home where the assault is alleged to have been committed, is a public highway. And we say to you that a public highway is open in all its length and breadth to the reasonable, common and equal use of the public on foot or in vehicles.

Where one traveling in a vehicle undertakes to pass another in the public highway he must take reasonable care to exercise that right so as not to injure another. But if a traveler be resisted or attacked by another while traveling along the highway, such traveler has a right to use such force as may be reasonably necessary to defend his person or property from such attack.

If you believe from the testimony that the defendant departed from the public highway upon the occasion in question, and drove upon the private property of Greer, and in passing struck the prosecuting witness as alleged, and that said act was not in necessary defense of her person or property, she would be guilty of the offense charged.

Where there is a conflict of testimony it is your duty to reconcile that conflict if you can. If you cannot reconcile it, you must give credit to such testimony as you believe under all the circumstances is most entitled to credit.

Having stated to you what constitutes the offense of an assault and battery, and also the law as it relates to the highway, so far as this case is concerned, it is now for you from the evidence before you to determine whether the defendant is guilty of the assault and battery, or not guilty. If after a careful consideration of the evidence there is a reasonable doubt in your minds as to the guilt of the defendant, that doubt should inure to the benefit of the accused.

Verdict, not guilty.