FRANK DOLBY, D. B. A., *v.* NORVAL WHALEY, P. B. R.

*(February 8, 1938.)*

LAYTON, C. J., and HARRINGTON, J., sitting.

*Tunnell* and *Tunnell* for Norval Whaley, the Plaintiff Below Respondent.

*Howard Bramhall* for Frank Dolby, the Defendant Below Appellant.

Superior Court for Sussex County, No. 52, October Term, 1936;

LAYTON, C. J.:

■■ The objection is overruled. The record entry of the justice "The petition to reopen the above case, filed * * * August 15th, 1936, was denied by me" is ambiguous as to the precise action taken by him. From that entry it is not clear whether the justice refused to entertain Whaley's petition, or whether, after a hearing on the merits of the case, he held that Whaley had no claim against Dolby for work and labor done. You cannot contradict, alter or vary a judicial record, but parol evidence may be admitted for the purpose of explaining an entry in such a record, which is not clear on its face. *Chamb. H. B. on Evid.*, § 1120, *p.* 879.

It is true that for reasons of policy, this court has held that a Justice of the Peace cannot ordinarily testify with respect to anything that took place in a judicial proceeding before him (*Delaware Lodge v. Allmon,* 1 *Penn.* 160, 39 *A.* 1098; *State v. Brown,* 1 *Penn.* 286, 40 *A.* 938; *State v. Dyer,* 5 *Penn.* 88, 58 *A.* 947), but whatever may be said in favor of the general rule, it should not apply in a case of this nature. See *Chamb. H. B. on Evid.,* § 319.

The witness then answered the question "yes."

Mr. Records was subsequently asked by Mr. Tunnell "What did you mean when you wrote the words on this record that the petition presented * * * was denied?"

The witness, in substance, said that the note on which the judgment was entered was given in good faith; was a distinct promise to pay the amount represented by it, and that in his opinion that judgment, therefore, had nothing to do with any case that Whaley had against Dolby for some alleged old debt. He added "I told them at the time if there was any case of that kind, the proper thing for them to do was to bring another suit."

LAYTON, C. J., then asked the witness, after Whaley's petition praying that the judgment against him be opened, and that he be allowed to go into trial to determine the amount due him from Dolby on his account for work and labor, was presented to you, did you hear the witnesses?

A. "No, I did not."

The witness at a later stage of the case, in response to a question by the Chief Justice, also, said: "After I found out what the issue was, I denied it. After I found out what they were trying to bring in, I denied it."

LAYTON, C. J., then asked: "In other words, your testimony is that when you found out that Whaley was attempting to establish a claim of his own against Dolby, which

would off-set the matter of this judgment note, you stopped them and denied the petition?"

A. "Yes."

Oscar C. James was then called as a witness for the defendant. He first stated that he was a County Constable and was in the office of Mr. Records, at Laurel, when he heard the petition of Mr. Whaley to open the judgment entered against him and his brother, Priestley Whaley. He was further examined, and testified as follows:

Q. Was there any testimony taken in that case?

A. As well as I can remember, there was.

Q. Was there any testimony offered by Mr. Whaley?

A. Yes.

Q. Was evidence presented on behalf of Mr. Whaley with reference to the account which has been presented in this case?

A. Yes.

Q. Was evidence presented on behalf of Mr. Dolby to refute that testimony?

A. Yes.

Q. Was there any evidence presented raising any issue or defense other than the counter-claim against Mr. Dolby which Mr. Whaley presented?

A. No.

Q. Was that the same general account presented in this case?

A. As well as I can remember, it is the same.

Frank Dolby, the defendant, also testified on his own behalf, as follows:

Q. Were you present at the trial on August 15th in the office of Mr. Records in the case between you and Norval Whaley?

A. Yes.

Q. At that time did Mr. Whaley present testimony in support of the same claim for work and labor presented in this case?

A. Yes.

Q. Was any testimony offered on your behalf to refute Mr. Whaley's claim?

A. Yes. .

Q. And was the claim which Mr. Whaley presented at that time against you the same claim which he has presented here today?

A. Yes.

Q. Did Mr. Whaley present any other claim against you at that time?

A. No.

*Section* 4504 of the *Revised Code* of 1935 provided:

"To an obligation for the payment of any sum not exceeding five hundred dollars, there may be annexed a warrant, duly executed, either as a part of the obligation, or otherwise, authorizing any justice of the peace to enter judgment thereon, without process; upon which authority, an action may be docketed at the suit of the obligee, or his executors, administrators, or lawful assigns, against the obligor, and judgment rendered for the principal and interest and costs."

*Section* 4506 of the same *Code,* also, provided:

"If any defendant in such judgment, or his executors, or administrators, shall, by affidavit filed with the justice, deny the obligation, or set forth any just defense, a trial shall be granted, which shall be conducted as in other cases; but the judgment shall not be vacated, nor any execution, or levy thereon, set aside, until after a trial and determination against such obligation, or warrant; but any such levy shall be a security for what may be found due to the plaintiff, the proceedings thereupon being stayed, unless the defendant shall give sufficient security to pay the plaintiff the sum justly due, which shall be entered as follows: 'On the ...... day of ...... A.D. 19..., A.B. (and C.D., if two) became surety for the defendant (or defendants) for the payment of whatever is justly due to the plaintiff (or plaintiffs) in this action.' "

*Section* 4500 of the same *Chapter,* which related to Justices' jurisdiction in civil cases of debt, provided:

"In every action before a justice of the peace, within his jurisdiction, it shall be incumbent on the defendant, if he has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, to bring it forward and plead it as a set off; and the justice shall enter on his docket the nature and amount of such counter-claim; and any defendant neglecting to do so, shall, if the action against him be prosecuted to judgment, lose such account, demand, or cause of action, and be forever barred from recovering the same.

"And if the defendant shall have any such account, demand or cause of action, against the plaintiff, exceeding five hundred dollars, he may bring it forward and plead it as a set-off as aforesaid, or not, at his pleasure and shall not, by neglecting so to plead it, lose such cause of action."

■ Notwithstanding the state of the record, at the close of the evidence, Mr. Bramhall claimed that the undisputed evidence showed that this same question had been heard and determined by Mr. Records on the petition of Mr. Whaley to open the Dolby judgment against him and his brother. He, therefore, asked the court to direct the jury to find a verdict for the defendant.

That motion was refused.

In its charge, the court instructed the jury that under the evidence it was for them to determine whether the precise issue in the case on trial was actually decided on its merits against Whaley, the plaintiff, in the proceeding before Mr. Records on Whaley's petition to open the Dolby judgment; or whether that petition was dismissed without a decision on the merits of Whaley's claim.

The jury found a verdict for the plaintiff for $269.22.

The attorney for Dolby, the defendant, then moved for a new trial, and in arrest of judgment, claiming:

1. That the testimony, including the record of the Justice, showed that he had determined the precise question before the court in the action before him on Whaley's petition to open the judgment of Dolby against him.

2. That the Justice of the Peace should not have been permitted to explain his docket entries.

3. It had been suggested at the trial that on Whaley's petition, the Justice of the Peace was bound to determine whether Dolby owed. Whaley anything for work and labor done on the same account in controversy in this action; and that whether he actually determined that question, or not, Whaley was estopped from prosecuting his action by the rule of *res adjudicata*. After the reasons for a new trial had been filed, the court, therefore, suggested that that question might, also, be considered by counsel in determining what disposition should be made of the defendant's motion.

HARRINGTON, J., delivering the opinion of the Court:

This case is before us on the defendant's motion for a new trial. Whaley, the plaintiff, sued Dolby, the defendant, in an action of assumpsit for work and labor done, and for which he claims he has never been paid. The defendant, on the other hand, not only claims that the plaintiff has been paid in full, but, also, claims:

1. That the undisputed evidence at the trial showed that this very question had been judicially determined against Whaley by Thomas W. Records, a Justice of the Peace, at Laurel, on a petition by Whaley to open a judgment held by Dolby against him, and entered on a note containing a warrant of attorney for the confession of judgment.

2. That, at any rate, under the petition filed by Whaley, the Justice was bound by statute to determine that question, and, if he refused to do so, Whaley could have appealed from the judgment entered against him in that proceeding. Dolby further claims that as Whaley failed to appeal from that judgment, he was bound by it, and was estopped to bring this action.

The law of *res adjudicata* and the principles on which it is based has been considered by this court repeatedly, and

will not be reconsidered here. See *Williams v. Daisey*, 7 *W. W. Harr.* (37 *Del.*) 161, 180 *A.* 908.

The record entry of the Justice, with respect to Whaley's petition was "The petition * * * was denied by me." That entry did not conclusively show that the Justice held that Whaley had no right of action against Dolby for work and labor done. See *Blood v. Crew Levick Co.*, 177 *Pa.* 606, 35 *A.* 871, 55 *Am. St. Rep.* 742.

From it, it might be argued with equal force that the Justice merely dismissed the petition and refused to consider the facts alleged on their merits.

A judicial record, including the record of a Justice of the Peace, is the best evidence of the action taken by the court, whose decisions are recorded, and it cannot ordinarily be altered, contradicted or varied by parol evidence (*Chamb. H. B. on Evid.*, §§ 1066, 1070, 1120; *Hibbs v. Blair*, 14 *Pa.* 413) ; but where the record entry is ambiguous that ambiguity can be explained by other competent evidence of that nature. *Chamb. H. B. on Evid.*, § 1120, *p.* 879; *Perkins v. Brazos*, 66 *Conn.* 242, 33 *A.* 908.

We applied the latter rule at the trial and permitted Mr. Records to explain the meaning of the entry appearing in his record, and we think that ruling was correct.

As explained, the only fair inference that can be drawn from the testimony of the Justice is that his record was intended to show that he had refused to entertain Whaley's petition to open the Dolby judgment, and had, also, refused to permit him to go to trial to prove his alleged claim as set-off against the judgment entered against him.

It is true that other evidence was, also, offered and admitted by us on the theory that it tended to contradict the explanatory evidence of Mr. Records with respect to the meaning of the docket entry made by him, and where evidence is partly oral and partly written, and any part of it

is contradicted by other evidence, it presents a question for the jury to determine. *Emerson v. Universal Products Co.,* 6 *W. W. Harr.* (36 *Del.*) 543, 553, 179 *A.* 383. When the jury was charged, the defendant was faced with that situation, and, in any aspect of this phase of the case, was not entitled to binding instructions, based on *res adjudicata.*

 Whether, however, the record of the Justice, on which all of this evidence was based, was, in fact, competent evidence to support Dolby's claim of *res adjudicata* may be another question.

*Section* 4506 of the *Code of* 1935 provides: "If any defendant in such judgment [a judgment entered on a note containing a warrant of attorney for the confession of judgment] * * * shall, by affidavit filed with the justice, deny the obligation, or set forth any just defense, a trial shall be granted, which shall be conducted as in other cases."

 The same section, also, provides that on such an affidavit being filed, the judgment shall not be vacated nor shall any execution or levy thereon be set aside until after a trial "and determination against such obligation, or warrant." When *Section* 4506 is read as a whole, it is apparent, however, that this seemingly restrictive language was not intended to be taken in its strict literal sense. This is not only shown by the language of the preceding phrase of the section, which we have already quoted, but, also, by the next phrase which provides that any such levy shall be a security for what "may be found due to the plaintiff."

In the sworn petition filed with the Justice, Whaley did not deny the obligation on which the Dolby judgment had been entered; nor did he claim that the note, or the judgment entered thereon, had been paid, either in whole or in part. He merely alleged that he had an unpaid account against Dolby for work and labor done, and prayed that the judgment be opened in order that he might inter-

pose that claim at the trial as a set-off or counterclaim to the Dolby judgment.

It, also, appeared at the trial of this case that the alleged claim of Whaley was for services rendered prior to the execution of the note, on which that judgment was entered.

In considering petitions in the Superior Court to open judgments in that court, and to ascertain the amounts due thereon, Judge Woolley, in *Section* 846 of his *Work on Delaware Practice*, says: "The petitioner may show, if he can, acts of the parties subsequent to the judgment, from which the jury may infer that goods, instead of money, were delivered to and accepted by the creditor as part payment of the judgment, but not acts and dealings prior to the judgment". See, also, *Lofland v. McDaniel*, 1 *Penn.* 416, 41 *A.* 882.

The same general rule would necessarily apply in the Superior Court to an account for work and labor done for the plaintiff by the defendant in a judgment; and, as we view it, no greater rights were intended to be given the defendant in a judgment by confession by *Section* 4506 of the *Revised Code*.

That section does provide that when the required affidavit is filed "a trial shall be granted, which shall be conducted as in other cases," but that provision does not enlarge either the duties or the rights of the defendant, or the Justice, with respect to the general nature of the defenses that must be interposed and considered under prior provisions of the section, when the judgment is opened. See *Dupont v. Mills et al., Board of Education of Rehoboth*, 9 *W. W. Harr.* (39 *Del.*) 42, 196 *A.* 168.

The defendant's attorney further points out, however:

1. That *Section* 4504 of the *Revised Code* provides: When judgment is confessed on an obligation containing a

warrant of attorney, duly executed, "an action may be docketed at the suit of the obligee, * * against the obligor, and judgment rendered for the principal and interest and costs."

2. That *Section* 4500 provides: "In every action before a justice of the peace * * it shall be incumbent on the defendant, if he has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, to bring it forward and plead it as set off; and the justice shall enter on his docket the nature and amount of such counter-claim; and any defendant, neglecting to do so, shall, if the action against him be prosecuted to judgment, lose such account, demand, or cause of action."

But these provisions do not affect the meaning of the language of *Section* 4506 above quoted, and do not require the defendant in a judgment, entered on a warrant of attorney, to take steps to open that judgment in order to prove some prior claim as set-off or counter-claim against it; nor do they authorize the Justice to open the judgment under such circumstances. In fact, unless an execution is issued on it, the defendant in a judgment by confession seldom has any notice or knowledge of its entry.

In the absence of a clear provision to that effect, we, therefore, will not assume that the legislature intended to require any action on the part of the defendant, with respect to a claim of that nature, when a judgment by confession on a note, executed by him, has been entered.

The set-off and counterclaim provisions of *Section* 4500 of the *Code* merely relate to adverse actions or suits before the Justice, within the proper and usual meaning of that term, and in which the defendant is usually brought into court by the issuance and service of process, and not to actions of a more or less fictitious nature, in which no process is ever issued.

From what we have said, it is apparent that the alleged claim of Whaley could not be interposed as a set-off or counterclaim against the Dolby judgment in a proceeding to open that judgment. By reason of that fact, whatever the entries appearing thereon, relating to the disposition of the Whaley petition, were intended to show, the record of the Justice was not competent evidence in defense of Whaley's claim; but its admission was not objected to on that ground, or considered by the court when it was admitted.

If the record had been excluded, the explanatory evidence of the Justice, and the testimony of other witnesses, with respect to his action at the hearing on the Whaley petition, would, also, have been excluded. Under those circumstances, there would have been no evidence on which the jury could have been instructed that it was for them to decide whether the Justice had determined precisely the same issue involved in this case on that petition. But, with the exception of the explanatory evidence of the Justice, with respect to the meaning of the entries made by him on his record, all of this evidence, including that record, was admitted at the trial at the request of the defendant. Its admission cannot, therefore, be taken adantage of by him on a motion for a new trial. See *Hilliard* on *New Trials*, 88, 407; *Wig. on Evid.*, *1st Ed.*, § 18; 46 *C. J.* 114.

For the reasons above given, the defendant's motion for a new trial is refused.