This case is an appeal from a judgment for plaintiff-appellee in a wrongful death action brought by the administrator of the estate of Harry Hanna, against Hanna's wife, Marlene Hanna, who shot and killed Hanna with a pistol. This court affirms. *Page 565 
Prior to the filing of this action these same parties were involved in a declaratory judgment action filed by Riggs, as administrator of Hanna's estate, in behalf of Hanna's children by a prior marriage, to determine who would recover the proceeds of insurance policies on Hanna's life. Two policies were uncontested by the insurance companies, which interpleaded the proceeds, while a third, an accidental death policy, was contested on the basis that Hanna's death was not accidental. The pretrial order in that action set out the positions of each party in the case: "(a) Complainants contend that Marlene Sheehan Hanna willfully, and intentionally or feloniously killed Harry Hanna and that she is therefore not entitled to receive the proceeds of the aforesaid insurance policies on his life, although she is the primary beneficiary of each policy. (b) The Respondent Marlene Sheehan Zorn Hanna contends that Harry Hanna was killed in self-defense and that she is entitled to receive the proceeds from the policies." The order then set out the position of the insurance company regarding the contested policy.
An unwritten settlement was eventually entered by the parties in the declaratory judgment action, resolving all but the conflict concerning whether the death was accidental under the accidental death policy. After trial on that issue, the trial court determined that the death was accidental and that Frank Riggs, as administrator, would receive the proceeds as alternate beneficiary. The judgment recited, "[A]ll other issues [have] previously been disposed of by settlement agreement between the parties." Marlene Hanna did not appeal the court's determination, although the insurance company did. The trial court was affirmed in Provident Life Accident Ins.Co. v. Hanna, 294 Ala. 37, 311 So.2d 294 (1975).
 I.
Subsequent to final settlement of the declaratory judgment litigation, Riggs again brought suit against Marlene Hanna under the Alabama Wrongful Death statute, alleging in two counts that she negligently and/or wantonly caused Hanna's death by shooting him with a pistol. Defendant moved for summary judgment on the ground that the issues in the wrongful death action were the same as those decided in the declaratory judgment action and were concluded between the parties in that action by settlement and by trial. In support of the motion, defendant submitted copies of the pretrial order and the final decree in the declaratory judgment action and also filed an affidavit executed by her attorneys. Summary judgment was denied.
Prior to the commencement of the trial, defendant again raised her affirmative defenses of res judicata and accord and satisfaction. After observing that the facts surrounding the prior settlement were in controversy, the trial judge failed to rule on the affirmative defenses as a matter of law and allowed the case to go to trial.
At the conclusion of the trial, defendant raised these defenses again as grounds for a new trial. This motion was denied by the trial court.
Appellee points out that no evidence was presented to the jury on the question of whether the prior settlement was a bar to the present action and that the defendant below did not request that the jury be instructed on this issue. Appellee alleges that the failure to present this defense to the jury leaves nothing for this court to review. Appellant, on the other hand, argues that as a matter of law the issues were the same and thus were not required to go to the jury.
The declaratory judgment action was brought on the theory that Marlene Hanna could not recover as prime beneficiary because she had intentionally killed Hanna. The rule of law under which such a claim can be brought requires that the beneficiary's action in killing the insured be felonious.Protective Life Ins., Co. v. *Page 566 Linson, 245 Ala. 493, 17 So.2d 761 (1944); American Life Ins.Co. v. Anderson, 246 Ala. 588, 21 So.2d 791 (1945). As noted by the trial court in its pretrial order in the declaratory judgment action, the plaintiffs' position was that Marlene Hanna "willfully, and intentionally or feloniously" killed Hanna. The gravamen in a wrongful death action is the "wrongful act, omission, or negligence" of anyone causing another's death. Title 7, § 123, Code of Ala. 1940 (Recompiled 1958). The wrongful act does not have to be felonious. Thus the legal issues in these two types of actions are not necessarily the same. No evidence was presented to the trial court to show that the parties understood otherwise and, therefore, the settlement can have no res judicata effect as a matter of law. Ivey v.Wiggins, 271 Ala. 610, 612-13, 126 So.2d 469, 471 (1961);Quinnelly v. City of Prichard, 292 Ala. 178, 182,291 So.2d 295, 298 (1974).
Further, where a former judgment is set up as a bar and there is a factual dispute as to whether there is such an identity of parties, subject matter or cause of action as will support the plea, this question of fact is one for the jury. See MissouriPac. R. Co. v. Burks, 196 Ark. 1104, 121 S.W.2d 65 (1938);Dolby v. Whaley, 39 Del. 155, 197 A. 161 (1938); Poehl v.Cincinnati Traction Co., 20 Ohio App. 148, 151 N.E. 806 (1925); 50 C.J.S. Judgments § 846 (1947).
This court agrees with the trial court that the facts surrounding the prior settlement were "somewhat in controversy." The final decree in the prior action noted that "all other issues [have] previously been disposed of by settlement agreement between the parties." It does not identify what those "other issues" were. Appellee contends that only the issues between the parties in that lawsuit were settled, while appellant contends that all issues between the parties were settled. Clearly from the record of the arguments presented to the trial judge by the parties concerning this affirmative defense, the parties were in disagreement as to what issues were in fact settled between them. Because of this disagreement and the fact that the settlement was not reduced to writing, this factual question should have been presented to the jury. Where no proof is offered to the jury to establish an allegation, there is nothing for this court to review on appeal. See Castleberry v. Hollingsworth, 215 Ala. 445,111 So. 35 (1927).
Next, appellant argues that any question of negligence was decided as a matter of law in the litigation over the contested insurance policy. Provident Life Accident Ins. Co. v. Hanna,294 Ala. 37, 311 So.2d 294 (1975). The basis of the argument is the following quotation from Provident:
 "`To constitute an accidental death, it must have resulted from something unforeseen, unexpected, and unusual. Carroll v. Fidelity, etc., Co., supra [4 Cir., 137 F. 1012], or "which happens as by chance, or which does not take place according to the usual course of things," or "without foresight or expectation" or "by reason of some violence, casualty, * * *"'"
294 Ala. at 40, 311 So.2d at 295. By defining an accident as an unforeseen event and the finding that Hanna's death was accidental, appellant contends that the Provident case resolved the issue of negligence in her favor. Appellant's conclusion is based upon the reasoning that negligence presupposes a breach of duty that will foreseeably cause in jury and thus without foreseeability there can be no negligence. It is not necessary to reach this issue because the foreseeability argument is misplaced in this instance.
The insurance company in the Provident Life Accident Ins.Co. case contested the policy on the ground that Hanna was an aggressor who voluntarily put his life in jeopardy by attacking his wife. Based *Page 567 
on prior cases, Provident argued, such deliberate actions on his part prevented his death from being an accident. The court found that the determination of events must be "made from the standpoint of the insured" and concluded that Hanna probably could not have foreseen that his actions would result in his death. Thus the foreseeability question in Provident was decided from Harry Hanna's perspective. In a negligence action, such as the one before this court, the foreseeability outlook is that of the person charged with the negligence, i.e., Marlene Hanna. Thus, the litigation in the insurance case did not settle the issue of Marlene Hanna's liability under the Wrongful Death Statute.
 II.
After the case was brought to trial, and during the questioning of the jury venire, the trial judge asked the venire if any of them had been acquainted with Harry Hanna during his life or were familiar with any of the facts surrounding his death. Earl A. O'Neal, a juror whose conduct is being challenged on his appeal, failed to respond to either question. Defendant's attorney subsequently received information suggesting that this juror, who was later chosen to act as foreman of the jury, did in fact have independent knowledge of the parties and the facts.
The trial judge, after being informed of the attorney's suspicions, brought Mr. O'Neal into his chambers and questioned him. O'Neal stated that, to the best of his knowledge, he had not known the deceased during his lifetime although he was aware that deceased frequented the Gunter AFB Officer's Club which he, O'Neal, also often visited. O'Neal did acknowledge that he had read of the killing in the newspaper soon after it occurred but beyond that had no personal knowledge of the facts involved in the case.
Defendant, Marlene Hanna, testified that Harry Hanna had introduced her to O'Neal's wife and had said that O'Neal and his wife were good friends of his.
It is not clear whether defendant requested a ruling of any sort or whether any formal motion for mistrial was made. The trial judge merely stated that under the circumstances as then revealed the trial would proceed and the question of the propriety of O'Neal serving as a juror would be held in abeyance.
After the verdict was returned, defendant moved for a new trial based on O'Neal's failure to properly answer the venire questions. A hearing was held on the motion during which juror O'Neal testified. He again stated that he had read of the killing at the time it took place — approximately two years prior to the trial of the wrongful death case — but that he had no personal knowledge beyond that. Defendant's attorney questioned him about the jury's deliberations. O'Neal disclosed that he and two other jurors had revealed the fact that there was one hundred thousand dollars of insurance involved in the case. O'Neal stated that he thought he had learned of this fact during the trial and, that if it was not revealed in the courtroom (which, defendant asserts, it was not), then he did not know where he learned it. Subsequently Marlene Hanna took the stand and stated that newspaper stories covering the insurance litigation had erroneously revealed that one hundred thousand dollars worth of insurance was involved.
Defendant also brought up the fact that O'Neal had been seen sitting by and conversing with Peggy Hanna, Harry Hanna's first wife, prior to the trial. O'Neal stated that he inadvertently sat by her and that they did not talk about the case other than in a very general manner. He further stated that he did not know her identity at the time he sat beside her.
Two recent cases discuss the effect of a juror's failure to answer voir dire questions. The case of Miller v. Samples, *Page 568 291 Ala. 533, 535, 283 So.2d 424, 425 (1973) cites Freeman v. Hall,286 Ala. 161, 238 So.2d 330 (1970) (on remand) as the controlling case on this question. The Miller opinion notes the following discussion in Freeman:
 "The court in Freeman reiterated the general rules that `parties have a right to truthful answers to questions propounded on voir dire,' (Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, which followed Leach v. State, 31 Ala. App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289) and `[t]he failure of prospective jurors to respond to questions properly propounded on voir dire entitles the movant to a new trial.' Then this court went on to state that such general rule cannot be applied without regard to the factual background of a particular situation. The court held `that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant.'
(emphasis added) Moreover, the court emphasized that the grant or denial of the motion was within the discretion of the trial court and that this court `will review the trial court's ruling * * * only for abuse of discretion in its determination as to probable prejudice.'
 "The court in Freeman promulgated the following guidelines to aid trial courts in their effort to determine probable prejudice.
 "`Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.'"
The trial court heard and observed the witnesses. Because of the varying interpretations which can be given to the testimony in applying the standards set out in Freeman this court cannot say that the trial judge abused his discretion on this issue.
The case is due to be affirmed.
AFFIRMED.
MERRILL, MADDOX, JONES and SHORES, JJ., concur.