POEHL v. CINCI. TRAC. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2670.   Decided Oct. 19, 1925

1177. TORTS—1. The fact that two tort-feasors are concurrently negligent does not necessarily mean their torts are joint.

2. In order that one tort feasor be absolved by the release of the other, the judgment awarded the injured party must be intended to be and accepted as full compensation for all injuries received.

683. JURY—When an issue is raised as to whether or not full compensation was made, it should be determined by the jury and parol evidence on this question is admissible.

CUSHING, J.

Margaret Poehl sued the City of Cincinnati in the Hamilton Common Pleas for damages sustained by reason of her stepping into a hole in the street upon being discharged from a street car of the Cincinnati Traction Company. She claimed that the city was negligent in not keeping the street in repair as provided by statute. Poehl recovered a judgment for $300 against the city.

Later she brought an action against the Traction Co. claiming it was negligent in failing to provide a safe place for passengers to alight and in failing to notify or warn her that the place where the car had stopped was unsafe and dangerous. The Company entered the defense of contributory negligence and pleaded the judgment against the City, claiming it was a bar to an action against it. The Common Pleas instructed a verdict for the Company and upon prosecution of error the Court of Appeals held:

1. Two questions presented are: Can separate actions be maintained against concurrent tort-feasors when one tort-feasor has paid a judgment rendered against it without the record showing that it was full compensation or that plaintiff reserved right to sue the other tort-feasor?

2. On a plea of a judgment and full satisfaction, can oral evidence be introduced to show the circumstances under which that judgment was taken, and that it was, or was not

full compensation for the injury sustained; and on whom the burden of proof would rest to establish full compensation or otherwise?

3. The City and the Company were not joint tort-feasors. The torts were concurrent and related but not joint. 57 OS. 330, 335.

4. The negligence of the City was passive and that of the Company active though the negligence of both concurred in inflicting the injury.

5. The partial satisfaction for injuries received not intended, received, or in fact being full compensation, cannot inure to the other tort-feasor whose concurrent negligence caused the injury.

6. In order for the release of one tort-feasor to operate in absolving the other, the satisfaction received by the party injured must be intended to be and be accepted as full compensation for all injuries received.

7. The question of whether or not Poehl had received full compensation was an issue for and should have been determined by the jury.

8. It was proper to show by parol proof whether or not the judgment was entered pursuant to an agreement and whether the amount received was intended to be full compensation. Error was committed in rejecting such testimony.

9. Poehl had the right to prosecute her action against the Company for recovery of such sum, as, together with that already received from the city, will afford her full compensation, and no more, for her injuries. The burden of proof therefore would be on Poehl to establish that the recovery was not in fact full compensation.

Judgment reversed.

Attorneys—Clarence H. Hallman for Poehl; DeCamp, Sutphin & Brumleve for Company; all of Cincinnati.