## SCHULTZ v. THE BRUNHOFF MFG. CO.

*Negligence—Action against master not barred by uncollectable judgment against servant, when—Full knowledge of all facts necessary to constitute election—Liability of joint tort-feasors several.*

1. The obtaining of an uncollectable and valueless judgment for personal injuries against servant *held* not a bar to subsequent action against master, liable for servant's acts; fact of employment not being known when servant was sued.
2. To constitute an election, party electing must act with full knowledge of all facts.
3. Liability of joint tort-feasors is several, and both or either may be sued.

(Decided March 29, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Jones & Pfau,* for plaintiff in error.
*Messrs. Jones & Jones,* for defendant in error.

HAMILTON, J.  Plaintiff in error, Rosa Schultz, brought suit against the defendant in error, in the court of common pleas, on a claim for personal injuries.

The petition alleges that she was struck by an automobile while crossing a street, which automobile was operated by one of the servants and employes of the defendant company, while acting within the scope of his employment.

The third defense of the answer sets up that the plaintiff had procured a judgment against one Paul P. Tritsch for the injuries sustained by her, as alleged in her petition in this cause, and that

Tritsch was the servant and employe of the defendant and drove and operated the car which struck the plaintiff, and further alleges that by reason of the action and judgment against Tritsch, the servant, the plaintiff is barred from maintaining the action against this defendant, the master. In other words, the judgment against Tritsch, the servant, is pleaded as a bar to the action against the defendant, the master.

The plaintiff demurred to this third defense, which demurrer was overruled. Plaintiff thereupon replied, admitting the judgment against Tritsch, and admitting that Tritsch was the servant in the employ of the defendant manufacturing company, and alleged that no part of the judgment against Tritsch had been paid, but that the same remained wholly unsatisfied.

The reply further alleged that she had no knowledge of the relationship of master and servant at the time she brought suit against Tritsch, and had no information that would lead her to believe he was acting as a servant at the time; that the first she heard that he was so employed at the time of the accident was during the progress of the trial, when two witnesses testified to that fact. Further, the reply denied that there was any election that would bar her prosecution of this action.

To this reply the defendant filed a demurrer.

The trial court sustained the demurrer, and, plaintiff not desiring to plead further, judgment was rendered against her, dismissing the action. To that judgment, error is prosecuted to this court.

The question for determination amounts to this: Did the procuring of the judgment against Tritsch,

the servant, although unsatisfied and worthless, constitute such an election as between Tritsch, the servant, and the manufacturing company, the master, as would bar plaintiff from proceeding against the master or employer?

It appears that the trial court, in sustaining the demurrer to the reply and overruling the demurrer to the third defense in the answer, relied upon the cases of *French, Admr.,* v. *Central Const. Co.,* 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669, 118 Am. St. Rep., 891, and *Clark* v. *Fry,* 8 Ohio St., 358, 72 Am. Dec., 590. These cases, however, do not determine the question. In the case of *French* v. *Central Const. Co.* it appears that French filed suit against the construction company and one Hatch a superintendent or foreman in the employ of the company, seeking to recover against them jointly damages for wrongful death of one Raymond March. The death of March was occasioned by and resulted from the negligent act or conduct of Hatch, the superintendent or foreman. At the conclusion of plaintiff's case, a motion was filed to require the plaintiff to elect whether he would prosecute his action against Hatch or against the construction company. The trial court sustained the motion to require plaintiff to elect, and, upon his declining to do so, dismissed the action. The court held:

"An action cannot be maintained jointly against master and servant for the wrongful and negligent act of the latter if in the particular case the master's liability for such wrongful and negligent act arises solely from the relationship between them under the doctrine of *respondeat superior.*"

Further, the court cited the case of *Clark* v. *Fry,* 8 Ohio St., 358, 72 Am. Dec., 590.  So that the only question decided in the *French case* was that the master and servant could not be jointly sued.  But the action was dismissed without prejudice to future action, on the refusal of French to elect.  The authorities on the question are not uniform, and we know of no case directly in point considering the facts.

As a general proposition of law on election, we find in the case of *Rankin* v. *Tygard,* 198 F., 795, 119 C. C. A., 591, a pronouncement as to election of remedies.  The case was on error to the Circuit Court of the United States for the Western District of Missouri, Judges Sanborn, Hook and Willard sitting.  The decision was announced by Sanborn, Judge.  The eleventh proposition of the syllabus follows:

"Where a wrong has been inflicted, and the victim is doubtful which of two inconsistent remedies is the right one, he may pursue both until he recovers through one.  His prosecution of the wrong remedy to a judgment of defeat will not, in the absence of facts creating an equitable estoppel, bar him from subsequently pursuing the right remedy to victory.  It was no defense to the action on the bond on the theory that the principal had made a note of $3,000, without authority from the H. Company, that the receiver sued the H. Company on the note on the theory that the principal had authority to make it.  He could lawfully pursue each remedy until the loss of the bank was restored."

If this be the rule as to the election of remedies, it would seem that the principle might apply as

to election in the case of two tort-feasors. The plaintiff could not sue the master and the servant jointly. The wrong had been inflicted. She did not know of the relationship of master and servant at the time the action was brought. If a person wronged may pursue each of two remedies until recovery is had through one, we can see no reason why she may not pursue both persons liable for the injury until recovery is had against one.

Defendant in error cites the case of *McNamara v. Chapman,* a decision by the Supreme Court of New Hampshire, reported in 81 N. H., 169, 123 A., 229, 31 A. L. R., 188. The facts in that case were that the plaintiff procured a judgment against the master. The master was able to pay, and tendered payment of the judgment. Notwithstanding the tender of payment of the judgment by the master, plaintiff sought to sue the servant and procure a second judgment. The court, in an extended opinion, reviews the decisions from the different states, which are not uniform. The court decided as follows:

"In the present case it appears, or is admitted, that the only wrong complained of is the negligent act of the servant at a time when the master was not present, that the master was sued therefor and a judgment was entered against him, *and that payment of the judgment has been tendered.* Upon these facts, the present suit against the servant for the same wrong cannot be maintained."

In the course of the opinion, the judge said: "It is not necessary to decide whether, if the judgment against the master proved valueless, the plaintiff could treat his election as incomplete and sue the

servant. It may be that if, when he stood at the parting of the ways, he chose a road that led to unexpected places, or ended in a *cul-de-sac,* he could retrace his steps because of the unexpected result. If the suit against the master ended in a verdict for him upon the ground of nonemployment, *or if the judgment proved worthless,* there would be room for argument, to the effect that the plaintiff had not chosen with full knowledge.''

The law is that to constitute an election the party electing must do so with full knowledge of all the facts. In the case of *McNamara* v. *Chapman, supra,* citing *Hutt* v. *Hickey,* 67 N. H., 411, 29 A., 456, it was held:

''In holding the plaintiff to the consequences of his election, there is no idea of compelling him to act without knowledge or to take chances. His right to choose remains open as long as there is just cause that it should be, but no longer.   *   *   * It may possibly be extended so as to permit the plaintiff to ascertain whether the first judgment against one of them is collectable.''

In the case of two concurrent joint tort-feasors, liability is several. The party aggrieved may sue either or both. It is claimed, however, that in the case of master and servant, the rule is different, that there is but one act and one injury and that liability of the master is established only by applying the rule of *respondeat superior.* We see no reason for any distinction on this point. The law fixes the liability in either case. The reason for the law is immaterial. Each is liable.

In the instant case the master was liable for the act of the servant. How can the master be preju-

diced by the fact that the plaintiff brought an action against the servant, without knowledge of the employment? It is claimed that as soon as the plaintiff ascertained the fact during the hearing of the case, the duty then at that moment developed upon her to choose whom she would proceed against. There was no action pending against the master. He was not and could not be sued in the same action. It is true that from the reply we learn that certain witnesses testified to the employment. Can it be said, however, that that was absolute knowledge conveyed to the plaintiff that such relationship existed? Or did it require a verdict of the jury as to whether or not that relationship existed before she would have knowledge requisite? It is not claimed that she knew the financial responsibility of the master or the servant at this point. She may have thought a judgment against the servant could be satisfied, while one against the master could not be. Under such circumstances, could or should she be held to the consequences of her act in pursuing her action against the servant to judgment? We think not. If required to elect, her right to choose, and the consequences thereof, should remain open until she could ascertain whether or not the first judgment was collectable. The master could not be injured, because he was primarily liable. Why should he escape on the technicality of plaintiff having mistaken the financial responsibility of the servant?

A wrong has been inflicted. Plaintiff, the injured party, should be permitted to pursue those responsible under the law therefor until she has been restored, and justice thereby subserved. These

principles are in line with the decision of this court rendered October 19, 1925, in the case of *Poehl* v. *Cincinnati Traction Co.,* 20 Ohio App., 148, 151 N. E., 806.

We therefore hold that, if the judgment against Tritsch, the servant, is uncollectable and valueless, plaintiff may pursue the defendant company, the master, and the trial court committed prejudicial error in sustaining the demurrer to the reply and overruling the demurrer to the third defense of the answer.

The judgment will be reversed and the cause remanded, with instructions to overrule the demurrer to the reply and to sustain the demurrer to the third defense of the answer, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., and CUSHING, J., concur.