THE CLEVELAND RY. CO. v. ARRISON.

*Negligence—Alighting street railway passenger struck by passing automobile—Street railways to exercise highest care to provide safe landing—Automobile operating on wrong side of street, proximate cause of accident—Street railway not required to notify passenger of such danger.*

1. A street car company is *held* to the highest degree of care to provide passengers a safe place to alight.
2. Driving of automobile on wrong side of street, not street car company's failure to exercise highest degree of care to provide passenger a safe place to alight, *held* proximate cause of his injury by being struck by such automobile.
3. While street railway company owes duty to stop car in safe place for passengers to alight and is responsible for injuries to passengers boarding or alighting from car if it fails to do so, it is not operators' duty to notify alighting passengers that automobile driver is likely to pass on wrong side of street close to car.

(Decided December 6, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.
*Mr. C. T. Rich,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below defendant in error, Herman C. Arrison, was plaintiff, and recovered a judgment against the Cleveland Railway Company in the sum of $500 for personal injuries. From the record we learn this: That the plaintiff below, defendant in error here, was a passenger upon a west-bound Euclid avenue car and wanted to alight

at East Seventy-Ninth street. We also learn that at East Seventy-Ninth street there is an intersecting street car line running north and south, which crosses Euclid avenue. At the time this accident occurred, the car on which plaintiff was a passenger stopped at a regular stopping place just east of the railroad tracks on East Seventy-Ninth street. While the passenger was in the act of alighting, or just had alighted, an automobile, driven by some one whose name does not appear in the record, apparently was traveling east on the wrong side of the street, and as this passenger alighted he was struck by this automobile and injured, as he claims.

On the trial of the action, at the close of plaintiff's testimony, a motion was made to direct a verdict in favor of the defendant, which was overruled. The question was submitted to the jury under instructions, and the jury found for the plaintiff in the sum of $500. Now the error complained of is that the court refused to direct a verdict for the defendant. It is difficult to understand on what theory the plaintiff could maintain his action, as there is no place in the record which shows any reason or cause for the automobile driver being on that side of the street, and just how it became the duty of the railroad company to notify or warn this alighting passenger as to what might occur from the wrongful conduct of an automobile driver is rather difficult to understand. We recognize the doctrine that a street car company is held to the highest degree of care, and that a passenger has a right to a safe landing place, but there is nothing wrong with the landing place in the instant case. There is nothing to indicate that there is anything wrong with the streets in any way.

There is no evidence to show that the railroad company had any knowledge or notice of there being anything wrong with the street, and, so far as appears by the record, the driver of this automobile had no right or warrant to be on that side of the street, and the proximate cause of this injury was not what the railroad company did, but what an outsider, the driver of the automobile, may have done, in driving on the wrong side of the street.

We are familiar with the rules laid down by this court and others that the railroad company owes a duty to stop its car in a safe place for the passenger to alight, and that, if it fails to do so, and the passenger is injured while getting off or on the car, the railroad company is responsible, but we do not conceive it yet to be the duty of the operators of street railroads to notify passengers that somebody on the street is likely to violate rules of the road and the law in coming down on the wrong side of the street and of his keeping too close to the street car. We do not think there is a particle of evidence in this case that will show any negligence of any kind or character on the part of the railroad company.

The cause of the injury as detailed was the driver of the automobile driving on the wrong side of the street, and not the stopping of the street car. Under the circumstances, we do not think that the motorman owed any duty.

We think that the judgment of the court below was wrong, and should be reversed, and that, upon the undisputed facts in the case, there should have been a judgment entered for the defendant below,

plaintiff in error here, and such a judgment will be entered.

*Judgment reversed and judgment for plaintiff in error.*

CUSHING, J., of the First Appellate District, concurs.