## NICKEL v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8754. Decided June 25, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**
Syllabus by Editorial Staff.

677. JUDGMENTS AND DECREES—127a Bar.

Payment of judgment by one of two joint defendants, no bar to further proceedings against other defendant against whom no judgment has been rendered.

Error to Common Pleas.
Judgment reversed.

C. T. Rich, Cleveland, for Nickel.
Squire, Sanders & Dempsey, Cleveland, for Railway Co.

FULL TEXT.
BY THE COURT:

Lillian Nickel undertook to recover damages from The Cleveland Railway Company and Jennie Doctrovitz for personal injuries arising from what she claimed to be concurrent acts of negligence on the part of two defendants. The jury returned a verdict for $6500. Both parties filed a motion for a new trial. The trial court set aside the verdict and granted a new trial so far as The Cleveland Railway Company was concerned, and upon the plaintiff accepting a remittitur of the verdict in excess of $1725, overruled the motion as to Jennie Doctrovitz and entered judgment for $1725. This judgment was satisfied by Jennie Doctrovitz, the plaintiff adding to her receipt thereof this language: "It is not intended as a release of any claim against The Cleveland Railway Company, and all rights against said Company are reserved."

Thereupon The Cleveland Railway Company, by an amended supplemental answer, set up the action of the parties, jury and court above referred to, as a defense against any further recovery against the Railway Company. In this answer it is alleged that the payment to the plaintiff by Jennie Doctrovitz of the sum of $1725 was a full, complete and adequate compensation for all of the palintiff's injuries. These allegations were met by a reply denying the same.

When the case came on for hearing, The Cleveland Railway Company moved for judgment on the pleadings. That motion was sustained and it is to reverse that judgment that error is prosecuted to this court. If the trial court were limited to the pleadings mentioned, the judgment was manifestly erroneous, because the allegations of the answer were denied by the reply and could not by the court, therefore, be taken as true. If the court looked at the former entries in the case and ascertained the relations of the parties from those entries rather than from the pleadings the judgment is equally unsound, for the earlier entries show no judgment to which the Railway Company was a party. When the motion for a new trial was sustained as to The Cleveland Railway Company, there could not have been and was not any judgment rendered to which The Cleveland Railway Company was a party. The judgment of $1725 fixed the relations between the plaintiff and Jennie Doctrovitz but did not determine any rights or liabilities of The Cleveland Railway Company. There is no difference in principle in the case at bar and the case of Poehl vs. Cincinnati Traction Company, 20 Ohio App. 148 and on the authority of that case, the judgment is reversed and the cause remanded for further proceedings.

(Middleton, PJ., Mauck and Lemert, JJ., concur.)