### ULSH et v STATE ex FULTON

Ohio Appeals, 6th Dist, Wood Co

No 566. Decided Jan 28, 1935

Yager, Bebout & Stecher, Toledo, for plaintiffs in error.

Alva W. Bachman, Bowling Green, for defendant in error.

CROW, J, (3rd Dist) sitting by designation.

## OPINION

### By LLOYD, J.

The really important question is whether an equitable owner of stock in such corporation is liable for the super-added liability determined by the Superintendent of Banks of Ohio, at a time when such equitable owner was not the holder of record, such equitable owner having prior to said determination, transferred his stock certificates to a trustee in trust for the equitable owner, and also where shares were, prior to the time of such determination, transferred to the trustee solely for voting purposes, and where in both instances, prior to such determination, pursuant to the transfers of the stock certificates, new certificates had been issued in lieu of the prior existing certificates, and such new certificates registered in the name of the transferee, the trustee whose ownership of record of the legal title was never terminated.

The liability sought to be enforced against defendants, plaintiffs in error here, was imposed by §3 of Art. 13 of the Constitution of Ohio, which reads as follows:

"Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her; except that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. No corporation not organized under the laws of this state, or of the United States, or person, partnership or association shall use the word

'bank', 'banker', or 'banking', or words of similar meaning in any foreign language, as a designation or name under, which business may be conducted in this state unless such corporation, person, partnership or association shall submit to inspection, examination and regulation as may hereafter be provided by the laws of this state."

The Supreme Court of Ohio has decided that this provision is self-executing, which, plainly speaking, means that the liability is absolute, and cannot be either lessened or enlarged by legislative act, though it is within legislative power to provide procedure for enforcement of the liability.

The decision of the substantial question in this case therefore turns on the meaning of the word "stockholder."

We would emphasize that we are dealing with a case in which the recovery is sought from persons who were in fact stockholders when the super-added liability accrued by determination of the superintendent of banks, that is, they were equitable owners, and not with a case where the shares were not in any sense actually owned by those from whom recovery is sought, at the time the liability accrued, and whose stock had prior to the accruing of the liability been transferred to another, which transfer was evidenced by the records of the banking corporation, the transferer retaining no interest legal or equitable in the shares.

When **Article 13, §3,** became effective, the word "stockholder" with which the word "shareholder" has always been synonymous, had a definite meaning by reason of numerous reported decisions of the courts of Ohio and also by the terms of §8689, **GC,** which had existed many decades, as follows:

"The term 'stockholder' as used in the three next preceding sections, shall apply not only to persons who appear by the books of the corporation to be such, but also to an equitable owner of stock, although on the books it appears in the name of another."

That section was repealed in 1927, 112 Ohio Laws, 9, and §8623, **GC,** enacted as follows:

"* * * The term 'shareholder' means 'holder of record of shares' or 'shareholder of record' and shall include a subscriber to shares unless the context otherwise requires."

Thus it is seen that when §13, **Article 3,** took effect, "an equitable owner of stock, although the stock appears on the books in the name of another" was liable for the superadded liability by reason of §8689, **GC,** that is to say it must have been in contemplation of the framers of the constitutional provision and by the electors who adopted it, that an equitable owner would be liable as though he were an owner of record.

Certainly no one would claim that a cestui que trust was not an equitable owner, nor would it be claimed that one who permitted another to become owner of record of stock solely for voting purposes, had parted with his equitable ownership of the shares.

In the numerous decisions of the courts of Ohio there is no discord on the point that stockholders of record could not escape super-added liability in any instance, because such holding fixes the liability absolutely for the purpose of enforcing it, in other words, no explanation could be made of such ownership, the corporate record evidence thereof being conclusive, regardless of the purpose of the record ownership.

So, the remaining point for decision is whether, after the adoption of the constitutional provision, it was within the power of the legislature to alter the meaning of the term "stockholder" as used in the constitutional provision so that persons within the definition of stockholders at the time, as declared by statute and the reported decisions of the courts in Ohio, namely beneficial owners, would be exempted from the liability.

This point must be decided adversely to plaintiffs in error because to hold with them on it would be to decide that the legislature could re-define the term "stockholder" to the end that the constitutional provision making equitable owners liable, was of no force and effect. If the legislature had that power, it could also, by redefinition, wholly destroy the liability created by the constitution. Such a situation is so palpably imponderable as to need no further comment.

The judgment will therefore be affirmed. Judgment affirmed.

RICHARDS, J, concurs.
CROW, J, not participating.