# CINCINNATI STREET RY CO v MUELLER

Ohio Appeals, 1st Dist Hamilton Co

Decided Sept 16, 1935

DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff in error.

Hall, Castellini, Frey & Jackson, Cincinnati, for defendant in error.

**OPINION**

By ROSS, PJ.

If, under the facts stated, the defendant through its employees failed to exercise the highest degree of care which a prudent person would exercise under similar circumstances, then the jury was justified in its conclusion adverse to the defendant.

The carrier owes a duty not only to exercise the highest degree of care for the safety of its passengers while on the vehicle, but also the highest degree of care in providing a safe place for such passengers to alight from the vehicle. In the case of Railway & Light Co. v Leedy, 104 Oh St, 487, the court in its opinion at page 493 states:

"It is the duty of the carrier not only to carry the passenger safely, but to allow her to alight from the car in safety, and where the carrier has itself created a dangerous situation the obligation devolves upon it before discharging a passenger into such situation to either remove the additional danger or warn the passenger of its existence."

See also: **Poehl v Cincinnati Traction Co., 20 Oh Ap, 148, (4 Abs 250) at 152; Cleveland Railway Co. v Ranft, Admr., 12 Oh Ap, 397; Cleveland Railway Co. v Arrison, 26 Oh Ap, 359 (5 Abs 56); 38 Oh Jur., p. 162.**

Obviously the place at which the car was stopped was not a safe place for the plaintiff to alight, certainly for one of her sex and age. The employee had three courses open to him. He could have caused the car to return to Stop No. 9, which had just been passed, and which was only a few feet away; he could have proceeded on to the next stop; or, he could do as he did, permit the passenger to alight between regularly prepared stops. It was a question for the jury to say whether the employee used the highest degree of care in permitting the plaintiff to alight at a place which was unsafe. The fact that the employees of the defendant must have been aware of this condition is plainly evident. Its cars passed this point at all seasons of the year. The weeds in the ditch were green and had grown some 18 inches in height. It was not necessary that the particular employee involved in this case must have had knowledge of the condition, if the company had such knowledge through any employee whose duties were connected with the right of way, its maintenance and condition.

What has been said answers the complaint of the defendant that the court refused to give certain special charges in which the element of care heretofore noted was entirely omitted.

In conclusion, it may be added that it is clear that passengers of different sexes, ages, health, and physical ability will naturally require the exercise of appropriate care upon the part of the employees of the carriers, and what would be a proper exercise of the appropriate degree of care in one case may be gross negligence in another. The adjustment of the rule of negligence to the circumstances involved in each case must be for the jury under proper instructions from the court.

The carrier not only owes a duty to provide safe places for passengers to alight at permanent stops, but at such unusual places as it may permit passengers to alight. When the carrier in the exercise of its discretion voluntarily permits the passengers to alight, it automatically brings itself within the rule.

We can not find just cause to interfere

with the verdict of the jury under the facts, and in view of the law applicable, the judgment is therefore affirmed.

MATTHEWS and HAMILTON, JJ, concur.