## SQUIRE v OETER

Ohio Probate Court, Tuscarawas Co

Decided May 8, 1937

Seikel, Seikel, & Seikel, Dover, and H. O. Ziegler, Cleveland, for S. H. Squire.

H. H. Hostetler, Dover, for L. H. Oerter, executor.

LeRoy McGregor, New Philadelphia, for Clara Vinton Wentz.

## OPINION

By LAMNECK, J.

Plin Vinton died testate on August 5, 1934, and thereafter John A. Vinton and Lawrence H. Oerter were appointed joint executors of his estate.

On January 11, 1937, the executors filed a schedule of debts in this court, which was approved on March 1, 1937.

On February 10, 1937, John A. Vinton resigned as one of the joint executors of said estate and Lawrence H. Oerter, the other co-executor, continued as sole executor.

Some reference was made in the schedule of debts relative to a possible claim of the superintendent of banks of the state of Ohio on behalf of The Union Trust Company of Cleveland, Ohio, for super-added stockholders' liability against this estate, but as no claim had ever been presented to the executors, the schedule of debts was approved without having a claim allowed in favor of the superintendent of banks as liquidating agent for The Union Trust Company.

On March 30, 1937, the superintendent of banks filed an application in this court under the provision of §10509-134 GC, asking the court for permission to reinstate a claim which the said superintendent of banks, on behalf of The Union Trust Company, was alleged to hold against said estate by reason of super-added liability on 1179 shares of stock of which the decedent was alleged to be the real owner.

It appears from the undisputed evidence that the decedent, prior to February 17, 1932, owned 1179 shares of stock of The Union Trust Company of the par value of $25.00 per share; that on February 17, 1932 he had this stock transferred on the books of the bank to Helen H. Vinton, his daughter-in-law and the wife of John A. Vinton, who was formerly one of the executors of the estate. New certificates were issued after the transfer, in the name of Helen H. Vinton, and these certificates

were kept in the possession of Plin Vinton until his death.

On February 18, 1932, Helen H. Vinton executed an assignment and sale of this stock to Plin Vinton under an assignment reading as follows, to-wit:

"Know All Men by These Presents, That I, Helen. H. Vinton for value received, have bargained, sold, assigned and transferred, and by these presents do bargain, sell, assign and transfer unto Plin Vinton One Thousand One Hundred Seventy Nine Shares (1179) of the Capital Stock of The Union Trust Company, Cleveland, Ohio standing in my name on the books of The Union Trust Company and I do hereby constitute and appoint Plin Vinton my true and lawful attorney irrevocably for me and in my name and stead, but to my use, to sell, to assign, transfer and set over, all or any part of the said stock, and for that purpose, to make and execute all necessary acts of assignment and transfer, and one or more persons to substitute with like full power, hereby ratifying and confirming all that my said attorney or my substitute or substitutes, shall lawfully do by virtue hereof.

In Witness Whereof, I have hereunto set my hand and seal the 18th day of February, 1932.

(Signed) Helen H. Vinton

Sealed and delivered in the presence of

John A. Vinton—Freda Horrisberger

"For Value Received, I, Helen H. Vinton hereby sell, assign and transfer unto Plin Vinton One Thousand One Hundred Seventy Nine (1,179) Shares of the Capital Stock of The Union Trust Company, Cleveland, Ohio, standing in my name on the books of said Corporation represented by Certificates No. 15855 25 shares, 15856 25 shares, 15857 4 shares, 15858 10 shares, 15859 10 shares, 15860 500 shares, 15861 500 shares, 25862 50 shares, 15863 50 shares and — 5 shares herewith and do hereby irrevocably constitute and appoint Plin Vinton Attorney to transfer the said stock on the books of the within named The Union Trust Company with full power of substitution in the premises.

(Signed) Helen H. Vinton.

Dated February 18th, 1932.

In Presence of

John A. Vinton

Freda Horrisberger."

The decedent, sometime thereafter, delivered this assignment to Lawrence H. Oerter, who is treasurer of The Reeves Banking & Trust Company of Dover, Ohio, for safe-keeping, with instructions that the same was to be delivered to no one excepting himself or his executors at his death. This assignment remained in the possession of Lawrence H. Oerter until the death of Plin Vinton and is still retained in his possession as executor of the estate.

On June 15, 1933, the superintendent of banks was obliged to take possession of the assets of The Union Trust Company, and thereafter, on July 30, 1934, made an assessment of 100% on all stock issued by the company for super-added stockholders' liability. On October 6, 1936 a judgment was taken against Helen H. Vinton for $33,091.06, representing liability on 1,245 shares of stock including the 1,179 shares transferred to said Helen H. Vinton by Plin Vinton, deceased, and 66 shares which she had personally owned in her own right before the transfer. This judgment still stands and no appeal was ever taken.

Execution was thereafter issued against Helen H. Vinton on this judgment, but it remains unsatisfied as being uncollectible.

On June 6, 1936 the superintendent of banks commenced an action against John A. Vinton individually for super-added liability on this stock, alleging that he was the real owner thereof. This action has never been brought to trial.

After the transfer of this stock to Helen H. Vinton, dividends were paid thereon in April, July and October 1932 and January 1933 by checks issued to Helen H. Vinton. Helen H. Vinton paid the dividends that she received to the said Plin Vinton on the 1,179 shares of stock in question.

The superintendent of banks contends that it did not come to his knowledge that Plin Vinton was the real owner of the 1,179 shares of stock in question in this proceeding until after January 6, 1937, and he asks the court to reinstate his claim on behalf of the creditors of The Union Trust Company on the ground that justice and equity require that he be permitted to do so, and that he was not guilty of culpable neglect in failing to present his claim within four months after the appointment of the executors.

Sec 10509-134 GC, reads as follows:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice

and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

In a hearing brought under this section, the court must determine two things:

First, whether or not the claimant has been guilty of culpable neglect in filing his claim; and

Second, whether or not a valid claim exists.

These questions are considered in this opinion in their reverse order.

**Section 3 of Article 13 of the Constitution of Ohio** reads as follows: "Stockholders of corporations authorized to receive money on deposit, shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such corporations, to the extent of the amount of their stock therein."

Both state and federal courts, in construing this section of the Constitution, have held that the person in whose name bank stock is registered on the books of the bank, and the actual owner of such stock are both primarily liable for the super-added liability imposed by this section of the Constitution. If the decedent were alive, the superintendent of banks as liquidator of The Union Trust Company could therefore enforce payment against Plin Vinton as the actual owner of said stock. (See Early v Richarson, 280 U S 496; Bank v Hullitt, 204 U S 163; Ulsh v State, 50 Oh Ap 189, 18 Abs 400, 3 O O 510).

Since the title owner and the actual owner are both primarily and directly liable, the superintendent of banks need not pursue his remedies against one as a prerequisite to proceed against the other. This is especially true where he had no knowledge of the real owner and his judgment against the title owner is uncollectible and valueless. Where two parties are both primarily liable, the obtaining of an uncollectible and valueless judgment against one is not a bar to subsequent action against the other, (See **Schultz v Brunhoff Mfg Co, 22 Oh Ap 220, 4 Abs 565).**

This court has previously defined "culpable neglect" to mean such neglect in enforcing one's own rights which can be fairly ascribed to carelessness, improvidence, or folly. (See **Cribbs v Sturman, 32 O N P (N.S.), 29).**

In this case, one of the executors of the estate of Plin Vinton, deceased, had written evidence in his possession for approximately three and one-half years prior to his appointment that Plin Vinton was the actual owner of said stock, and he retained such written evidence in his possession from the time of his appointment up to the present time. He therefore had knowledge of the transfer of the stock in question. If he had disclosed this knowledge to the superintendent of banks within the time prescribed for the filing of claims against a decedent's estate and the superintendent of banks had failed to present his claim after having such knowledge in his possession, then the superintendent of banks might be estopped from maintaining a claim at this time. On the contrary, however, the record shows that the superintendent of banks was diligent in holding all persons who might be liable for super-added liability on the stock in question, and brought this proceeding to reinstate his claim against the estate of Plin Vinton, deceased, just as soon as the full facts of the transfer of this stock were brought to his knowledge.

Since the superintendent of banks is not chargeable with culpable neglect in failing to present his claim for super-added liability with the executor of the estate of the decedent within the time prescribed by law, and since the judgment obtained against the title owner is uncollectible and valueless, justice and equity require that the claim of the superintendent of banks for super-added liability against the 1,179 shares of stock in question owned by Plin Vinton, deceased, at the time of his death, be re-instated as a claim against said estate in order that the creditors of The Union Trust Company may have that protection that was intended by the adoption of §3, **Article 13 of the Constitution of Ohio.**

In accordance with the holding of this court in the case of Cribbs v Sturman, supra, and in the case of the estate of **Laura M. McGuire, deceased, 8 O. O. 409** decided in this court this day, the claim of S. H. Squire, superintendent of banks of the State of Ohio, as liquidating agent for The Union Trust Company of Cleve-

land, Ohio, in the sum of $29,475 together with interest at the rate of six per cent (6%) per annum from July 30, 1934. is reinstated as a valid claim against the estate of Plin Vinton, deceased; and as the said superintendent of banks has prayed for full relief, Lawrence H. Oerter, the executor of said estate, is hereby ordered and directed to pay the same as a general claim against the said estate in the order of priority set forth in §10509-134 GC.

To which finding and order of the court said executor and Clara Vinton Wentz except.